UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Franklin D. Paz, Sr.,<br><br>            **Plaintiff,**<br><br>   versus<br><br>United States of America,<br><br>            **Defendant.** | Case No. 17-cv-08652 |

## COMPLAINT AT LAW

  The Plaintiff, Franklin D. Paz, Sr., by his attorneys, Levin & Perconti, complains against the Defendant, United States of America, and in support thereof states as follows:

## COUNT I
(Franklin D. Paz, Sr. v. United States of America)

  The Plaintiff, Franklin D. Paz, Sr., by his attorneys, Levin & Perconti, complains against the Defendant, United States of America, and in support thereof states as follows:

  1.  The Plaintiff, Franklin D. Paz, Sr., brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346 and §§2671 - 2680.

  2.  The Plaintiff, Franklin D. Paz, Sr., filed an Administrative Claim with the United States Department of Veterans Affairs on February 23, 2017. (*See* Administrative Claim attached hereto and marked as Exhibit A).

  3.  On March 23, 2017, The United States Department of Veterans Affairs Office of Chief Counsel sent a letter notifying the Plaintiff that the United States Department of Veterans Affairs, Office of Chief Counsel received Plaintiff's Standard Form 95's, *Claim of Damage, Injury, or Death,* on March 6, 2017. (*See* March 23, 2017 letter attached hereto and marked as Exhibit B).

1

4. As of October 13, 2017, The United States of America had not sent Plaintiff a notice of final determination of the administrative tort claim. Accordingly, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2675(a) and 2401(b), the United States of America by its agent, has made a final disposition of the claim.

5. Franklin D. Paz, Sr. was born on April 9, 1944.

6. At all times relevant to this Complaint, Franklin D. Paz, Sr. had a history of smoking.

7. At all times relevant to this Complaint, Ken S. Khuans, MD, was a physician board certified in internal medicine and licensed to practice his profession in the State of Illinois.

8. At all times relevant to this Complaint, Ken S. Khuans, MD, was an actual, implied and apparent agent, servant and employee of United States of America.

9. At all times relevant to this Complaint, Ken S. Khuans, MD, was acting within the scope of his employment with Defendant, United States of America, and as such, the Defendant, United States of America, is vicariously liable for his negligent conduct.

10. At all times relevant to this Complaint, Faheem Jesani, DO, was a physician licensed to practice in the State of Illinois.

11. At all times relevant to this Complaint, Faheem Jesani, DO, was an actual, implied and apparent agent, servant and employee of United States of America.

12. At all times relevant to this Complaint, Faheem Jesani, DO, was acting within the scope of his employment with Defendant, United States of America, and as such, the Defendant, United States of America, is vicariously liable for his negligent conduct.

13. At all times relevant to this Complaint, Nalini Bidani, MD, was an actual, implied and apparent agent, servant and employee of United States of America.

```
```

14. At all times relevant to this Complaint, Nalini Bidani, MD, was acting within the scope of her employment with Defendant, United States of America, and as such, the Defendant, United States of America, is vicariously liable for her negligent conduct.

15. At all times relevant to this Complaint, the Defendant, United States of America, through its duly authorized agents including, but not limited to, Ken S. Khuans, MD, Faheem Jesani, DO, and Nalini Bidani, MD, held itself out to the public, and, in particular to the public, and, in particular, to Franklin D. Paz, Sr., as possessing the requisite professional skill, expertise, knowledge, facilities, personnel and information to provide appropriate medical services required by a patient, and in particular, to Franklin D. Paz, Sr.

16. On or about June 26, 2015, Franklin D. Paz, Sr. came under the care and treatment of Faheem Jesani, DO, in the Emergency Room at Jesse Brown VA Medical Center located at 820 South Damen Avenue in Chicago, Illinois.

17. On or about June 26, 2015, Faheem Jesani, DO, ordered a chest x-ray that was read and interpreted by Nalini Bidani, MD.

18. The June 26, 2015 chest x-ray showed "a new nodule in the right mid lung and left medial lower lung" and "possible malignancy, follow up needed."

19. On or about March 23, 2016, a CT of the Thorax was performed and interpreted as "possible malignancy, follow up needed."

20. Between June 26, 2015 and May 10, 2016, Franklin D. Paz, Sr. continued to be a patient of Ken S. Khuans, MD.

21. On or about May 10, 2016, Franklin D. Paz, Sr. was diagnosed with metastatic squamous cell lung cancer.

22. On or about October 27, 2016, Franklin and his family met with various physicians

3

employed by Defendant, United States of America who advised Franklin and his family that as a result of an error by Defendant United States of America Franklin's lung cancer went undiagnosed and untreated for approximately eight (8) months.

23. Between June 26, 2015 and May 10, 2016, Franklin D. Paz, Sr. relied on the Defendant, United States of America through its agents including, but not limited to, Ken S. Khuans, MD, Faheem Jesani, DO, and Nalini Bidani, MD, to provide and direct her complete medical care and to appropriately follow up on abnormal radiology findings.

24. At all times mentioned herein, it became and was the duty of the Defendant, United States of America, through its actual, implied and apparent agents, servant and employees, including physicians and other healthcare professionals including Ken S. Khuans, MD, Faheem Jesani, DO, and Nalini Bidani, MD, to possess and use the knowledge, skill, and care ordinarily used by a reasonably careful physician under similar circumstances.

25. The Defendant, United States of America, through its actual, implied and apparent agents, servants and employees including, but not limited to, Ken S. Khuans, MD, Faheem Jesani, DO, and Nalini Bidani, MD, failed to possess and apply the knowledge, skill, and care ordinarily used by a reasonably careful physician and a reasonably careful radiologist under similar circumstances in its care and treatment of Franklin D. Paz, Sr. by one or more of the following negligent acts or omissions:

    a. Carelessly and negligently failed to communicate by phone or in person the significant abnormalities observed on the June 26, 2015 chest x-ray and the need to obtain a CT Scan to Franklin's emergency room physician or primary care physician;

    b. Carelessly and negligently failed to inform Franklin that he had a mass in his lung after reviewing the June 26, 2015 chest x-ray report and film;

    c. Carelessly and negligently failed to inform Franklin of the need for follow up and further diagnostic testing after the June 26, 2015 chest x-ray revealed

        a mass in Franklin's lung;

    d. Carelessly and negligently failed to inform Franklin's primary care physician of the abnormalities observed on the June 26, 2015 chest x-ray and the radiologist's recommendations for follow up;

    e. Carelessly and negligently failed to order and perform a CT Scan of Franklin's chest in the face of the June 26, 2015 abnormal chest x-ray and radiologist's recommendations; and

    f. Carelessly and negligently failed to create and implement policies and procedures to ensure that test results were received by the ordering physician, were read and known by the ordering physician, were signed off on by the ordering physician and were reported to the patient and the patient's primary care physician.

    26.    As a direct and proximate result of the Defendant, United States of America's negligent treatment of Franklin D. Paz, Sr., from June 26, 2015 up until Franklin D. Paz, Sr. was diagnosed with metastatic squamous cell lung cancer on May 10, 2016, Franklin D. Paz, Sr.'s lung cancer remained untreated, and progressed to advanced stage lung cancer, all of which necessitated extensive hospitalizations and medical treatment, significantly reduced his five year survival rate and shortened his life expectancy.

    27.    As a direct and proximate result of the Defendant, United States of America's negligent treatment, Franklin D. Paz, Sr. suffered injuries of a personal and pecuniary nature, including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering, physical and emotional trauma, and an overall deterioration of his physical and mental well-being.

    28.    As a direct and proximate result of Defendant, United States of America's delay in diagnosing Franklin D. Paz, Sr.'s primary lung cancer, Franklin D. Paz, Sr.'s primary lung cancer spread to his lymph nodes which significantly worsened his prognosis and lessened the effectiveness of his treatment.

5

29. Pursuant to Section 13-212 (a) of the Illinois Code of Civil Procedure, 735 ILCS 5/13-212 (a), Franklin D. Paz, Sr. did not know nor could he have known about the existence of his lung cancer until it was diagnosed by a physician on or about May 10, 2016.

30. Attached to this Complaint as Exhibit C is the Affidavit of the Attorney in this cause filed pursuant to 735 ILCS 5/2-622(a)(1).

31. Attached to this Complaint as Exhibit D is the Health Professional's Report, filed pursuant to 735 ILCS 5/2-622(a)(1).

Wherefore, the Plaintiff, Franklin D. Paz, Sr, asks that a judgment be entered against Defendant, United States of America, in the amount of eighteen million dollars ($18,000,000).

        Respectfully submitted,
        **LEVIN & PERCONTI**

BY: *[signature]*
      Attorneys for Plaintiff

John J. Perconti (jjp@levinperconti.com)
Cari F. Silverman (cfs@levinperconti.com)
**LEVIN & PERCONTI**
325 North LaSalle Street Suite 450
Chicago, IL 60654
312 332-2872
312 332-3112 (facsimile)